**People of the State of Illinois, Defendant in Error, v. Valeria Klinger, Plaintiff in Error.**

**Gen. No. 39,379.**

Opinion filed November 10, 1937.

Ray E. Lane, of Chicago, for plaintiff in error.

Thomas J. Courtney, State's Attorney, for defendant in error; Edward E. Wilson, John T. Gallagher, Melvin Starkle Rembe, Blair L. Varnes, Assistant State's Attorneys, of counsel.

Mr. Justice Denis E. Sullivan delivered the opinion of the court.

Defendant Valeria Klinger brings this appeal from a judgment entered in the county court finding her guilty of having violated the Medical Practice Act, Ill. Rev. Stat. 1937, ch. 91, secs. 1–39; Jones Ill. Stats. Ann. 79.01–79.40, and sentencing her to the county jail for 30 days and imposing a fine of $100 for said violation.

In the trial court the defendant was informed against by an information which consisted of two counts charging her with having violated the Medical Practice Act, ch. 91, sec. 24, Ill. Rev. Stat. 1937, Jones Ill. Stats. Ann. 79.25. The information was sworn to by one Adolph J. Meadel, an inspector in the department of registration and education. The trial was had before a judge and jury. A motion was made to quash the information and each count thereof, which motion was overruled and a verdict was returned upon which judgment was entered as aforesaid.

Charlotte Hermes, testified on behalf of plaintiff that she was employed by the State as an investigator for the department of registration and education; that she called at the home of the defendant at 6641 North Artesian avenue, Chicago, Illinois, on June 11, 1936; that she told the defendant that she had been suffering from severe headaches and wanted to see her; that defendant said she had certain times for her patients; that she again called at the home of the defendant on July 10, 1936, about 7 o'clock and went into the basement where other people were waiting; that she told

the defendant that she had an arm that would repeatedly go out of joint; that defendant said she understood and would help her; that the statements of the witness with reference to her ailments were untrue; that defendant gave the witness a treatment, manipulating the shoulder muscles with her hands and also worked on the back of her neck; that defendant seemed to go into a trance and that defendant folded her hands as if in prayer; that she paid the defendant $1 for the treatment; that she, the witness, has used the names of Agnes Hilgren, Mrs. Sigerman and also Mrs. E. Johnson.

The defendant, Valeria Klinger, testified that for the past five years she has belonged to the First Spiritualist Church of Cicero and is a qualified healer of that church; that she does not sell any medicine or give it away or prescribe any medicine, just prays for divine healing and heals through prayer; that she does not practice surgery; that the first time she ever saw Charlotte Hermes was on September 10, 1936, in the courtroom, and that she received no money from her.

C. A. Burgess, a witness on behalf of defendant, testified that he lived at 110 South Loomis street, Chicago, Illinois; that he has been president of the Spiritual Association of Illinois for the past 27 years; that it is a regular church incorporated under the laws of the State of Illinois; that there are 62 such churches in Illinois and they have healers; that these healers are examined by the board of examiners of the church and are given certificates by the Illinois State Board; that defendant is a healer of that church; that the law of the church permits the practice by certified healers; that the Illinois Spiritualist Association was organized about 30 years ago and chartered by the National Spiritualist Association, also chartered by Springfield, State of Illinois, to organize churches, certify to representatives of the churches, and to certify mediums and

healers, ordain or recommend ordination; that healers are authorized to get the necessary healing forces to operate upon the patient by prayer; that they believe the majority of cases are mental and if they can correct that mental condition by prayer, they go ahead; that he has been a healer for 64 years.

Many questions are raised by defendant which we do not think it is necessary to consider at this time.

The section under which the prosecution is urged is sec. 37 of ch. 91, Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 79.38, known as the Medical Practice Act, which reads as follows: "This Act shall not apply to dentists, pharmacists, optometrists, or other persons lawfully carrying on their particular profession or business under any valid existing Act of this State regulatory thereof, nor to persons rendering gratuitous services in cases of emergency, nor to persons treating human ailments by prayer or spiritual means as an exercise or enjoyment of religious freedom."

The evidence in this case clearly shows that defendant's method of curing was by prayer; that defendant was a duly authorized member of the First Spiritualist Church of Cicero and that her license was issued by the Spiritualist Association of Illinois, Inc., which was incorporated under the laws of the State of Illinois, and defendant was one of their regular healers. The Spiritualist Church was organized under the laws of the State of Illinois and no doubt comes within the provisions of the statute hereinbefore quoted. Therefore, since defendant came within the class of persons exempted by the statute, we do not think a conviction should have been had.

For the reasons set forth in this opinion the judgment of the county court is hereby reversed.

*Judgment reversed.*

HEBEL, P. J., and HALL, J., concur.